UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>ARI J. LAUER,<br><br>   Defendant. | No. 2:22-cv-01726-DAD-DB<br><br>ORDER GRANTING THE UNITED STATES' MOTION TO INTERVENE AND STAY<br><br>(Doc. No. 18) |

This matter is before the court on the United States' motion to intervene in this civil action under Federal Rule of Civil Procedure 24 and to stay this action filed on October 11, 2023. (Doc. No. 18.) For the reasons discussed below, the court will grant the government's motion.

**BACKGROUND**

This securities enforcement action arises from an alleged Ponzi scheme involving fraudulent securities offerings by privately held alternative energy companies operated by non-parties Jeffrey and Paullete Carpoff, collectively referred to as "DC Solar." (Doc. No. 1 at ¶ 4.) Defendant Ari. J. Lauer is alleged to have played an important role in that scheme from its inception. (*Id.*) As alleged in the complaint, DC Solar was in the business of making, leasing, and operating mobile solar generators and offered related investment opportunities that purportedly delivered gains through tax benefits, among other things. (*Id.* at ¶ 5.) However, the

1

scheme was allegedly a sham because thousands of solar generators were never manufactured, let alone leased out or put to use, and all alleged revenue from the business sent to investors merely came from investor money. (*Id.* at ¶ 6.) The complaint alleges that defendant, as a licensed attorney, advanced the scheme by lending it the imprimatur of a lawyer for the operation. (*Id.* at ¶ 7.) In short, defendant Lauer prepared paperwork for transactions on behalf of DC Solar, among other documents, that misled investors and brought in $910 million in investor funds. (*Id.* at ¶¶ 4, 7–8.) Based on the foregoing allegations, plaintiff U.S. Securities and Exchange Commission ("SEC") brought this action against defendant asserting four claims: (1) fraud in connection with the sale of securities in violation of § 10(b) of the Exchange Act and Rule 10b-5 thereunder; (2) fraud in the offer and sale of securities violations of § 17(a) of the Securities Act; (3) aiding and abetting violations of § 10(b) of the Exchange Act and Rule 10b-5(b) thereunder; and (4) aiding and abetting violations of § 17(a)(2) of the Securities Act. (*Id.* at ¶¶ 65–76.)

In its pending motion, the government seeks to intervene and stay this action in light of a parallel pending criminal prosecution of defendant Lauer in *United States v. Lauer*, Case No. 2:23-cr-00261-DAD. (Doc. No. 18 at 1.) The government represents in its motion that it conferred with plaintiff SEC and the SEC does not oppose the government's request to intervene and obtain a stay of this action. (*Id.*) On October 25, 2023, defendant Ari. J. Lauer filed a statement of non-opposition to the pending motion to stay and intervene. (Doc. No. 19.)

## ANALYSIS

**A.     Intervention**

An individual or corporation or the government may "become a 'party' to a lawsuit by intervening in the action." *U.S. ex rel. Eisenstein v. City of New York, N.Y.*, 556 U.S. 928, 933 (2009). Intervention in federal court, either as of right or permissive, is governed by Federal Rule of Civil Procedure 24. *Nat'l Ass'n for Advancement of Colored People v. N.Y.*, 413 U.S. 345, 365 (1973). Rule 24 provides in relevant part as follows:

    (a) Intervention of Right. On Timely motion, the court must permit anyone to intervene who:

        (1) is given an unconditional right to intervene by a federal statute; or

   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

 (b) Permissive Intervention.

  (1) In General.  On timely motion, the court may permit anyone to intervene who:

   (A) is given a conditional right to intervene by a federal statute; or

   (B) has a claim or defense that shares with the main action a common question of law or fact.

Here, the government maintains that it has a significant protectable interest relating to the subject of the action, namely, to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery available in the criminal action, and thus intervention as of right under Rule 24(a) is warranted.  (Doc. No. 18 at 2.)  In the alternative, the government argues that permissive intervention under Rule 24(b) also provides a basis for its intervention because this civil enforcement action and an existing criminal action brought against the same defendant raise common questions of law and fact.  (*Id.*)  Having reviewed the government's pending motion, the court determines that the pending motion is suitable for resolution under Rule 24(b).[1]

Permissive intervention under Rule 24(b) "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d

---

[1] Based on the court's review of the government's motion, the government has not adequately shown that it satisfies all of the requirements for intervention as of right, in particular, what its significant protectable interest in this action is, how it is impaired or impeded, and how the SEC cannot protect the government's interests.  *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (explaining that there are four elements to intervene as a matter of right and each "must be demonstrated in order to provide a non-party with a right to intervene"); *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) ("Failure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied."); *Sec. & Exch. Comm'n v. Holcom*, No. 12-cv-1623-MLH-JMA, 2013 WL 12073831, at *2 (S.D. Cal. Sept. 6, 2013) (rejecting the United States' request to intervention as of right because it "ha[d] not adequately explained its contention that the SEC cannot protect its interests in this action").

470, 473 (9th Cir. 1992); *see also Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009). Moreover, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact." *Bureerong v. Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996) (collecting cases).

Here, the government has satisfied the requirements for permissive intervention under Rule 24(b). First, the government has an independent ground for jurisdiction because it is seeking intervention as a plaintiff in this civil action. *See* 28 U.S.C. § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States[.]"). Second, the government filed its motion before this court has taken any substantive action on the case; defendant has not yet answered the SEC's complaint and the parties have not yet commenced discovery. Thus, the government's motion is timely. *See Holcom*, 2013 WL 12073831, at *2 ("The action is timely because the parties have engaged in little, if any, discovery."). Third, the government maintains that the factual allegations in this action's complaint are "substantially similar to the conduct charged in the criminal Indictment." (Doc. No. 18 at 3.) This third requirement is satisfied because the court is to take the proposed intervenor's allegations in support of its motion as true. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819–20 (9th Cir. 2001) (joining other circuits to have considered the question and adopting the standard requiring courts to "take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections") In addition, neither the SEC nor defendant Lauer oppose the government's request. (Doc. Nos. 18 at 1; 19.) The court therefore finds intervention appropriate under Rule 24(b)(1)(B) because common questions of fact exist between the pending civil enforcement action and the parallel criminal proceeding. *See Sec. & Exch. Comm'n v. Boucher*, No. 20-cv-1650-DMS-MSB, 2021 WL 321994, at *2 (S.D. Cal. Feb. 1, 2021) (granting a request for permissive intervention by the United States in civil enforcement action brought by the SEC); *Holcom*, 2013 WL 12073831, at *2 (same); *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1068 (C.D. Cal. 2008) (same).

1   Accordingly, the government's motion to intervene in this action under Rule 24(b)(1)(B)
2   will be granted.
3   **B.   Stay**
4   "The Constitution does not ordinarily require a stay of civil proceedings pending the
5   outcome of criminal proceedings." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th
6   Cir. 1995). However, "a court may decide in its discretion to stay civil proceedings . . . 'when the
7   interests of justice seem [] to require such action.'" *Id.* (quoting *Sec. & Exch. Comm'n v. Dresser*
8   *Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)); *see also Landis v. N. Am. Co.*, 299 U.S. 248,
9   254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to
10  control the disposition of the causes on its docket with economy of time and effort for itself, for
11  counsel, and for litigants."). District courts typically consider the following factors when
12  determining whether to stay a civil action in the face of a parallel criminal proceeding:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

18  *Keating*, 45 F.3d at 325.
19  Here, the court's consideration of these factors weigh in favor of granting a limited stay of
20  this action. First, plaintiff SEC does not oppose the government's request to stay this action, and
21  the requested stay will only last until the conclusion of defendant's criminal case. Thus, there is
22  no apparent prejudice to the SEC if the stay is granted. Second, defendant Lauer does not oppose
23  the stay requested by the government, indicating that it would not impose a burden on him.
24  Indeed, it seems clearly more likely that moving forward with parallel civil and criminal cases
25  would impose a greater burden on defendant because he would be forced to choose between
26  exercising his Fifth Amendment privilege and fully defending himself in this civil action. *See*
27  *Sullivan v. United States*, No. 20-cv-00248 LEK-KJM, 2022 WL 105193, at *3 (D. Haw. Jan. 11,
28  2022) (finding that the defendants' "would be impaired in their defense in the instant case if they

5

are forced to conduct discovery while Sullivan is still entitled to invoke her Fifth Amendment right against self-incrimination," which weighed in favor of stay). Third, the court agrees with the government that the key issues in this case are substantially similar to those in the pending criminal case, and that similarity weighs in favor of a stay. *See Sec. & Exch. Comm'n v. Christian Stanley, Inc.*, No. 1:17-cv-00147-GHK-MAN, 2012 WL 13009158, at *5 (C.D. Cal. Sept. 6, 2012) ("In general, considerations of judicial economy weigh most strongly in favor of staying a civil proceeding or aspects of the civil proceeding when a parallel criminal proceeding is pending at the same time and involves overlapping issues.").

Fourth, with respect to the interest of nonparties, i.e., the government, the requested stay would protect the integrity of the government's criminal investigation and prosecution by ensuring that defendant does "not use the civil discovery processes to obtain discovery 'that is not authorized in a criminal case.'" *Bureerong*, 167 F.R.D. at 87 (citation omitted); *see also Christian Stanley, Inc.*, 2012 WL 13009158, at *6 ("[T]he case for staying civil discovery is the strongest after the defendant is indicted and facing a parallel criminal proceeding."). Fifth, as to the public's interest in the requested stay, it "overlaps substantially with the Government's interest in preserving the integrity of its criminal proceeding or investigation." *Christian Stanley, Inc.*, 2012 WL 13009158, at *6. Although the public interest is also concerned with a timely resolution of plaintiff SEC's civil enforcement action, the SEC's non-opposition to the request indicates that the public's interest in this proceeding will not be harmed. *See id.*

Having considered all of the relevant factors, this court concludes that a stay pending the completion of the proceedings in *United States v. Lauer*, Case No. 2:23-cr-00261-DAD is appropriate here, "in light of the particular circumstances and competing interests involved in the case." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

**CONCLUSION**

For the reasons explained above,

1. The government's motion to intervene and stay this action (Doc. No. 18) is granted;

/////

2. This case is stayed until the proceedings in criminal case *United States v. Lauer*, Case No. 2:23-cr-00261-DAD have been concluded;

3. The parties shall file a joint status report within twenty-one (21) days after *United States v. Lauer*, Case No. 2:23-cr-00261-DAD has concluded, which must report the parties' proposal on how to proceed with this action in light of the outcome of the criminal case; and

4. The Clerk of the Court is directed to add the United States as an intervenor plaintiff to this docket.

IT IS SO ORDERED.

Dated:   **November 2, 2023**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE